UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INCLINE ENERGY LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN L. WEINER, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03411-WHO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

　　　　Plaintiff Incline Energy LLC ("IE") filed this action against Steven and Kathy Weiner ("the Weiners"), alleging breach of a prior settlement agreement ("Agreement") in which the Weiners agreed to repay a loan to IE by July 31, 2011. First Amended Complaint ("FAC") ¶¶ 12-15 (Dkt. No. 6); Exhibit 1 at 2 (Agreement, Dkt. No. 6-1). IE seeks to foreclose on real property owned by the Weiners in the Northern District of California. The Weiners move to dismiss because the forum selection clause in the Agreement designates that any arbitration or lawsuit occur in Nevada. But the foreclosure remedy makes the "local action doctrine" applicable and establishes that this suit belongs here. The motion is DENIED.

## BACKGROUND

　　　　For purposes of the motion to dismiss, I assume the truth of the allegations in the FAC. Critically, the Agreement provided a lien in favor of IE against the Weiners' primary residence as security for the Weiners' payment obligations under the loan, as well as security interests in: (1) the legal fees earned by Steven Weiner (who is a lawyer), (2) the proceeds of an unrelated lawsuit in which Steven Weiner was a plaintiff, (3) the profits of Product Innovations LLC, which owns Steven Weiner's inventions and which is in turn owned by Steven Weiner, and (4) a life insurance policy on Steven Weiner under which IE is the sole beneficiary. Agreement at 2-7. The Agreement included a forum selection clause, which reads: "The parties agree that any disputes

that may arise out of this agreement shall be resolved in Reno, Nevada using Nevada law. The party initiating legal action will determine if the action is handled via binding arbitration or through the Washoe County District Court." Agreement at 10.

IE asserts two causes of action in this case: first, a breach of contract claim in which IE requests $2.35 million in damages for breach of the Agreement, FAC ¶¶ 11-15, and second, foreclosure of the deed of trust on the Weiners' residence, FAC ¶¶ 16-21. IE also names as defendants Product Innovations LLC, the company that owns Steven Weiner's inventions, and US Claims Opco LLC, which also holds a lien on the Weiners' residence. FAC ¶¶ 7-8, 20.[1]

The Weiners move to dismiss, arguing that venue in this district is improper because of the forum selection clause. Mot. (Dkt. No. 9) at 1. IE and US Claims oppose that motion, arguing that jurisdiction is proper here. Defendant Product Innovations LLC has not appeared. I heard argument on November 18, 2015.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a case concerns the enforcement of a forum selection clause, section 1404(a) provides a mechanism for its enforcement and "a proper application of §1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 134 S. Ct. 568, 579 (2013) (internal quotation omitted). Plaintiff bears the burden of showing these exceptional circumstances that make transfer inappropriate. *Id.* at 581. Plaintiff must show either that the forum selection clause is not valid or that the public interest factors recognized under section 1404(a) make transfer inappropriate. *Id*. at 579, 582; *see also Bayol v. Zipcar, Inc.*, No. 14-cv-02483-TEH, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014).

---

[1] US Claims, Inc. has appeared in this action, arguing that it was erroneously sued as US Claims Opco LLC. Dkt. No. 17. I will refer to this defendant as US Claims.

**DISCUSSION**

The Weiners rely on the forum selection clause to argue that Washoe County, Nevada, not the Northern District of California, is the proper venue for this action pursuant to the Agreement, and that this case should be dismissed instead of transferred because the clause at issue gives the party initiating legal action the right to choose whether to file in court or pursue arbitration. Mot. at 3-5. In opposition, IE argues that this case must be heard in the Northern District under the "local action doctrine" because both the breach of contract action and the foreclosure action will determine the parties' rights with respect to the Weiner's property, *i.e.*, whether IE has a right to foreclose in light of the lien. Enforcement of the forum selection clause is therefore not "reasonable" because a court in Reno would not have jurisdiction over its claims. IE Opposition (Dkt. No. 16) at 3-4. US Claims also opposes dismissal because it was not a signatory to the forum selection clause. Its rights to the real property are bound up not only in the foreclosure action but also in the breach of contract action that will determine not simply whether the Agreement has been breached but also whether IE has an enforceable lien on the Weiners' property and is therefore entitled to enforce that remedy. US Claims Opposition (Dkt. No. 17) at 3-6.

In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the Court held that a forum selection clause is presumptively enforceable unless "enforcement would contravene a strong public policy of the forum in which suit is brought" or where "trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." *Id.* at 15, 18. It is the exception to the presumption that applies here. Courts in the Ninth Circuit have refused to enforce a forum selection clause where doing so would contravene California's public policy with respect to venue. *See, e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-98 (9th Cir. 2000) (finding forum selection clause invalid because California policy at issue under California Business and Professions Code § 20040.5 specifically provided that California franchisees were entitled to a California venue for franchise agreement suits); *Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*, No. C 12-02189 SI, 2012 WL 4837697, at *3-4 (N.D. Cal. Oct. 10, 2012) (when determining enforceability of forum

selection clause, "the Court only examines public policy as it relates to venue.").

In *Eldee-K Rental Properties, LLC v. DirecTV, Inc.*, 748 F.3d 943 (9th Cir. 2014), the Ninth Circuit reiterated the long-established "local action doctrine," which generally provides that an action to recover title or possession of property "is a local action, and can only be brought within the state in which the land lies." *Id.* at 947. A federal court may exercise jurisdiction over local actions within the state in which it sits, *id.* at 948, but state law governs whether a specific action is local. *Id.* at 949. In California, there are three broad categories of local actions: "(1) actions to recover or determine rights or interests in real property; (2) actions to remedy injuries to real property; and (3) actions to foreclose on liens and mortgages on real property." *Id.* at 950.

Taken together, *Bremen* and *Eldee-K* establish that the forum selection clause should not be enforced. As noted above, California has a strong public policy that litigation regarding rights or interests to real property in California should be litigated in California. A Nevada court would lack jurisdiction over that dispute. While the Weiners argue that this predicament could be avoided if IE chose to arbitrate instead of litigate its claims, Reply (Dkt. No. 23) at 3, the forum selection clause allows IE to choose litigation *or* arbitration. Forcing IE into arbitration would deny IE its bargained-for right to choose litigation.

Most significantly, the Weiners contend that IE could litigate its breach of contract claim in Nevada, and that IE added its foreclosure claim in the amended complaint "solely for the purpose of placing the enforceability of the forum selection clause into doubt." *Id*. But IE's cause of action for breach of contract is inextricably intertwined with the deed of trust IE holds on the Weiners' residence. Any factual determination whether the Weiners breached the Agreement will necessarily determine if IE is allowed to enforce its deed of trust. Because the local action doctrine as explained in *Eldee-K* forbids a Nevada court from exercising jurisdiction over such an action, requiring IE to bring its claim in Nevada would contravene a strong public policy of California and effectively "deprive[] [IE] of [its] day in court." *Bremen*, 407 U.S. at 18.

It is also important to consider the rights of US Claims. Although a contract's forum selection clause may be enforced against non-signatories who are third-party beneficiaries of the contract, *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th

4

Cir. 1990), or against non-signatories who are "closely related to the contractual relationship," *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988), exactly the opposite is true here. As US Claims sets out in its declaration:

> US Claims, Inc. is not a signatory to such agreement, and is not a successor in interest to any party to such agreement. US Claims had nothing to do with the negotiation, execution, implementation, or performance of such agreement. US Claims, Inc. also has no relationship to plaintiff Incline Energy, LLC, and shares no officers, directors, members, owners, or employees with Incline Energy, LLC.

Levine Decl. ¶ 4 (Dkt. No. 18). Furthermore, although a plaintiff cannot defeat a forum selection clause by improperly naming a third party non-signatory, California's "custom and practice" in foreclosure actions "is to name any party who has an interest in the property." *Diamond Benefits Life Ins. Co. v. Troll*, 77 Cal. Rptr. 2d 581, 585 (1998) (noting that to allow foreclosing parties to forgo naming all interested parties "would establish a rule which allows parties foreclosing in judicial proceedings to take shortcuts in giving notice to interested parties"). Because US Claims was properly named in this action, I will not enforce a forum selection clause against it to which it was not a party, which would require it to litigate in a location that would have no jurisdiction over it, and to which it objects.

## CONCLUSION

Because dismissal would contravene strong California policy, deny IE its choice of forum, and force US Claims to litigate in a distant forum to which it never consented, the Weiners' motion to dismiss for lack of venue is DENIED.

**IT IS SO ORDERED**.

Dated: November 20, 2015



WILLIAM H. ORRICK
United States District Judge